# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: H.S. & H.S.

No. 13-0857 (Randolph County 12-JA-38 & 12-JA-39)

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father, by counsel Christopher W. Cooper, filed this appeal from the Circuit Court of Randolph County's order entered on July 19, 2013. The guardian ad litem for the children, Heather M. Weese, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, also filed a response in support of the circuit court's order. Petitioner appeals the circuit court order adjudicating him an abusing parent, as well as the termination of his parental rights to the subject children[1] following the adjudication.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2012, the DHHR filed a petition for abuse and neglect that alleged Petitioner Father sexually abused H.S.-1 and that the children's mother failed to protect them from him. Following adjudicatory hearings in January and February of 2013, petitioner was adjudicated as an abusing parent based on his sexual abuse of H.S.-1. At the hearings, petitioner denied abusing H.S.-1 and sought to cross-examine the child. A tape of an interview with a DHHR employee was admitted into the record, and the DHHR employee was subject to cross-examination. Petitioner objected to the inclusion of this evidence and the DHHR worker's testimony. The circuit court denied petitioner's requests to cross-examine and overruled objections to testimony describing the child's interview by the DHHR. At the adjudicatory hearing, the children's mother testified that he often walked around the house naked in front of the children and she once found him in H.S.-1's bed in the middle of the night wearing no pants. In April of 2013, at the dispositional hearing, the children's mother was granted a post-adjudicatory improvement period. Petitioner renewed his argument that he was entitled to cross-examine the infant child at the dispositional hearing. Petitioner's parental rights to the two children were terminated by order entered on July 19, 2013. It is from this order that petitioner appeals.

---

[1] Because the children in this case have the same initials, we have distinguished each of them using numbers 1 and 2 after their initials. The circuit court case numbers also serve to distinguish each child.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner's sole argument is that the exclusion of H.S.-1's testimony in court was clear error, leading to petitioner being improperly adjudicated as an abusing parent and his parental rights being terminated. Specifically, he argues that Rule 8 of the West Virginia Rules of Child Abuse and Neglect Proceedings is unconstitutional as applied to him because it violates his due process right to confront a witness in a proceeding. Petitioner further argues that Rule 8's restrictions on the testimony of children conflict with the statutory mandate that a parent "be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." W.Va. Code § 49-6-2(c). Petitioner argues, in the alternative, that the circuit court could have taken in camera testimony pursuant to Rule 8(b).

Rule 8(a) of the West Virginia Rules of Child Abuse and Neglect Proceedings contains mandatory and permissive guidance for when circuit courts should exclude testimony by children. Under the rule, there is "a rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony and the court **shall** exclude this testimony if the potential psychological harm to the child outweighs the necessity of the child's testimony." (Emphasis added.) The rule describes additional circumstances when a court is also permitted to exclude a child's testimony, even if the potential psychological harm to the child does not outweigh the necessity of the child's testimony:

> Further, the court may exclude the child's testimony if (A) the equivalent evidence can be procured through other reasonable efforts; (B) the child's testimony is not more probative on the issue than the other forms of evidence presented; and (C) the general purposes of these rules and the interest of justice will best be served by the exclusion of the child's testimony.

Rule 8 is designed to protect children from harm and its application in this case did not violate petitioner's constitutional or statutory rights.

Here, the circuit court had ample evidence upon which to base a finding that the potential psychological harm to H.S.-1 outweighed the necessity of the testimony. Petitioner showed a willingness to intimidate his family members. For example, the children's mother stated that she felt intimidated by petitioner, the circuit court ordered petitioner not to look at the children's mother during testimony, and evidence showed that H.S.-1 hid behind the mother when the mother confronted petitioner about the sexual abuse. Additionally, the necessity of cross-examination for H.S.-1's testimony did not outweigh its potential psychological harm because the testimony was corroborated by the testimony of the mother and DHHR worker, who were subject to cross-examination. Petitioner's argument that Rule 8(b) of the West Virginia Rules of Child Abuse and Neglect Proceedings indicates that in camera testimony is an alternative to excluding a child from cross-examination, is unfounded. Rule 8(b) clearly addresses the "[*p*]*rocedure for taking testimony from children*[,]" when the circuit court determines that the child should testify. We find no error in the circuit court's exclusion of H.S.-1 from cross-examination. We hold that the evidence before this Court amply supports petitioner's adjudication as an abusing parent based upon petitioner's abuse of H.S.-1. Further, the circuit court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected, based upon his refusal to acknowledge his abuse. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:** January 17, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II